IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LINDA E. CORLEY, Individually and
as Administratrix of the Estate
of Rymer Lee Corley, deceased,**

        **Plaintiff,**

v.  //  CIVIL ACTION NO. 1:07CV114
                                  (Judge Keeley)

**EASTERN ASSOCIATED COAL CORP.**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT I OF THE COMPLAINT

This case results from an accident in which Rymer Lee Corley, a coal miner employed by the defendant, Eastern Associated Coal Corp. ("Eastern"), died due to alleged inadequate oxygen supplies. Corley's widow, Linda E. Corley ("Corley"), is the administratrix of Rymer Lee Corley's estate and is suing for damages related to her husband's death. On August 29, 2007, Eastern removed the case from the Circuit Court of Monongalia County, West Virginia to this Court. Jurisdiction exists pursuant to 28 U.S.C. § 1332.

On September 7, 2007, Eastern filed its answer and also moved to dismiss Count I of the Complaint. Corley did not respond to the motion, the time for filing a response has now passed, and the motion is fully briefed and ripe for decision.

**CORLEY, ET AL. v. EASTERN ASSOCIATED COAL CORP.**  1:07CV114

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## COUNT I OF THE COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, a court ruling on a motion to dismiss for failure to state a claim must accept as true all well-pleaded factual allegations. Advanced Health Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

A federal court sitting in diversity applies the substantive law of the state where the court sits and federal procedural law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). The applicable law for purposes of workers' compensation claims in West Virginia is generally the law in effect at the time of an employee's injury. Smith v. State Workmen's Compensation Com'r., 219 S.E.2d 361, 363-64 (1975). West Virginia Code Section 23-2-6 (2003) provides, in relevant part:

> Any employer subject to this chapter who subscribes and pays into the workers' compensation fund the premiums provided by this chapter or who elects to make direct payments of compensation as provided in this section is

not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which the employer is not in default in the payment of the premiums or direct payments and has complied fully with all other provisions of this chapter.

Count I of the complaint alleges that Rymer Lee Corley's death was proximately caused by Eastern's negligence in failing to provide him with a safe working environment.[1] Count II alleges a cause of action pursuant to the "deliberate intent" exception to statutory immunity, pursuant to West Virginia Code Section 23-4-2. Eastern argues that, because Count I of the complaint only asserts a claim for ordinary negligence, it fails to state a claim inasmuch as an employer covered by West Virginia's workers compensation system, as is Eastern, is immune from common law claims of negligence.

Eastern relies heavily on the decision of the West Virginia Supreme Court of Appeals in <u>Bias v. Eastern Assoc. Coal Corp.</u>, 640 S.E.2d 540 (W.Va. 2006), to support its argument. In <u>Bias</u>, a plaintiff similarly situated to Corley argued that the employer-immunity provisions of W.Va. Code § 23-2-6 only apply when the

---

[1] The Complaint does not allege that the Defendant is not a covered employer under W.Va. Code § 23-2-6.

**CORLEY, ET AL. v. EASTERN ASSOCIATED COAL CORP.    1:07CV114**

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
COUNT I OF THE COMPLAINT**

workplace injury is compensable and may be recoverable under the Workers' Compensation Act. Id. at 542. West Virginia's highest court flatly rejected this argument in Bias and stated that the breadth of the immunity provided under the statute includes any injury or death of an employee "however occurring" while at work. Id. at 544. The court "conclude[d] that the Legislature intended for W.Va. Code 23-2-6 to provide qualifying employers sweeping immunity from common-law tort liablity for negligently caused work-related injuries. We are compelled to respect this intention and apply the plain language of [the statute]." Id. at 546.

Bias forecloses any argument on the question raised here. Under West Virginia law, mere negligence on the part of an employer, without more, is not actionable, notwithstanding an employee's failure to receive compensation benefits from the state's workers' compensation system.

Count I of the complaint, therefore, fails to state a claim upon which relief may be granted, and this Court **GRANTS** Eastern's Motion to Dismiss (dkt. no. 7) and **DISMISSES** Count I **WITH PREJUDICE**.

The Clerk is directed to transmit copies of this Order to counsel of record.

4

**CORLEY, ET AL. v. EASTERN ASSOCIATED COAL CORP.**     **1:07CV114**

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**COUNT I OF THE COMPLAINT**

DATED: October 25, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

**CORLEY, ET AL. v. EASTERN ASSOCIATED COAL CORP.**     **1:07CV114**