IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LINDA E. CORLEY, Individually and
as Administratrix of the Estate
of Rymer Lee Corley, deceased,**

    **Plaintiff,**

**v.**                        //     **CIVIL ACTION NO. 1:07CV114**
                                      **(Judge Keeley)**

**EASTERN ASSOCIATED COAL CORP.**

    **Defendant.**

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO STAY PROCEEDINGS
AND SCHEDULING STATUS CONFERENCE**

This case results from an accident in which Rymer Lee Corley, a coal miner employed by the defendant, Eastern Associated Coal Corp. ("Eastern"), died due to alleged inadequate oxygen supplies. Corley's widow, Linda E. Corley ("Corley"), is the administratrix of Rymer Lee Corley's estate and is suing for damages related to her husband's death. On August 29, 2007, Eastern removed the case from the Circuit Court of Monongalia County, West Virginia to this Court. Jurisdiction exists pursuant to 28 U.S.C. § 1332.

On October 25, 2007, this Court entered an order dismissing Count I of the Complaint for failure to state a claim. On November 9, 2007, Eastern filed a motion to stay this proceeding pending the outcome of the appeal of Corley's workers' compensation

claim.  Corley did not respond to the motion, the time for filing a response has now passed, and the motion is fully briefed and ripe for decision.

A federal court sitting in diversity applies the substantive law of the state where the court sits and federal procedural law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  The applicable law for purposes of workers' compensation claims in West Virginia is generally the law in effect at the time of an employee's injury. Smith v. State Workmen's Compensation Com'r., 219 S.E.2d 361, 363-64 (1975).  West Virginia Code Section 23-2-6 (2003) provides, in relevant part:

> Any employer subject to this chapter who subscribes and pays into the workers' compensation fund the premiums provided by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which the employer is not in default in the payment of the premiums or direct payments and has complied fully with all other provisions of this chapter.

Count II of the complaint alleges a cause of action pursuant to the "deliberate intent" exception to statutory immunity, pursuant to West Virginia Code § 23-4-2.  Eastern argues that, should Corley prevail on her pending administrative appeal and

2

**CORLEY, ET AL.  v. EASTERN ASSOCIATED COAL CORP.          1:07CV114**

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO STAY PROCEEDINGS
AND SCHEDULING STATUS CONFERENCE**

receive payment for her injuries, Eastern would be entitled to a statutory offset under West Virginia Code 23-4-2(c) against any damages awarded in this case.  Eastern therefore argues that, in the interest of judicial economy and efficiency, the Court should stay this case until the administrative appeal is resolved.  In support of the argument Eastern points out that a district court in the Southern District of West Virginia granted such a stay under similar circumstances.  See Ball v. Joy Mfg. Co., 755 F.Supp. 1344, 1358 (S.D.W.Va. 1990).

It is widely recognized that the workers' compensation administrative process in West Virginia moves very slowly, a fact that could occasion a long delay in this case. Conversely, Eastern should not be required to engage in expensive, and perhaps unnecessary, discovery while the ultimate outcome of the administrative appeal is unknown.   Consequently, the Court **GRANTS-IN-PART AND DENIES-IN-PART** Eastern's Motion to Stay Proceedings (dkt. no. 7) and **ORDERS** that this case be **STAYED** for six months.  It also **SCHEDULES** a status conference for **Thursday, June, 19, 2008 at 1:00 p.m.** at the Clarksburg, West Virginia point of holding court.  Counsel may participate by telephone. Counsel for Eastern shall initiate the call to 304-624-5850.

**CORLEY, ET AL. v. EASTERN ASSOCIATED COAL CORP.        1:07CV114**

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO STAY PROCEEDINGS
AND SCHEDULING STATUS CONFERENCE**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: December 20, 2007.

        /s/ Irene M. Keeley
        IRENE M. KEELEY
        UNITED STATES DISTRICT JUDGE