IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LINDA E. CORLEY, Individually and
as Administratrix of the Estate
of Rymer Lee Corley, deceased,**

      Plaintiff,

v.                      //     CIVIL ACTION NO. 1:07CV114
                                       (Judge Keeley)

**EASTERN ASSOCIATED COAL CORP.,**

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING-IN-PART AND DENYING-IN-PART
## THE CROSS MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court are the parties' cross motions for summary judgment. For the reasons that follow, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the plaintiff's motion for partial summary judgment, and **GRANTS-IN-PART** and **DENIES-IN-PART** the defendant's motion for summary judgment.

### I. FACTS AND PROCEDURAL HISTORY

The defendant, Eastern Associated Coal Corporation ("Eastern"), operates coal mines in West Virginia. On April 7, 2005, an Eastern employee, Rymer Lee Corley ("Mr. Corley"), died while at work at the Federal No. 2 Mine at Miracle Run, in Monongalia County, West Virginia. Mr. Corley's widow, Linda E.

**CORLEY v. EASTERN ASSOCIATED COAL CORP.**                       **1:07CV114**

**ORDER GRANTING-IN-PART AND DENYING-IN-PART THE
CROSS MOTIONS FOR SUMMARY JUDGMENT**

Corley ("Mrs. Corley"), is the administratrix of his estate and initiated this action for damages related to her husband's death.

Mrs. Corley alleges that, on the date of his death, her husband began experiencing shortness of breath and chest pains while working as a utility man underground. When coworkers attempted to provide him with oxygen from the first responder kit, they discovered the oxygen canister did not have an operating regulator and therefore was unusable. Mr. Corley was then transported to the "cage area" of the mine where he received oxygen, although allegedly not until forty minutes after onset of his symptoms. Mr. Corley was then transported to the surface, where he died a short time later from a heart attack.

Following Mr. Corley's death, Mrs. Corley filed an application for dependent benefits from the West Virginia Workers' Compensation Fund on March 30, 2006. On April 20, 2006, the Third Party Claims Administrator assigned to the case denied Corley benefits on alternative grounds. <u>See</u> dkt. no. 47-3, Exhibit B. First, the Claims Administrator found that the application was not filed within six months of the date of death, and therefore was barred by the statute of limitations. <u>Id.</u> Second, he indicated that the information provided in the death certificate and autopsy report

disclosed that Mr. Corley died from natural causes. <u>Id.</u> The Claims Administrator made no findings of fact or conclusions of law. <u>Id.</u>

Mrs. Corley appealed this decision by filing a written protest with the Office of Judges. On January 29, 2008, the Administrative Law Judge ("ALJ") assigned to the case affirmed the Claims Administrator's April 20, 2006 decision. <u>See</u> dkt. no. 47-4, Exhibit C. Despite making findings of fact, including findings on the cause of death, the ALJ concluded that Mrs. Corley had filed an untimely claim, and thus the Claims Administrator had no jurisdiction to consider it. <u>Id.</u> Accordingly, the ALJ affirmed the Claims Administrator's decision solely on the basis of the statute of limitations bar.

Mrs. Corley again appealed, and on September 23, 2008, the Workers' Compensation Board of Review issued an order affirming the ALJ's decision. <u>See</u> dkt. no. 47-5, Exhibit D. In its decision, the Board of Review adopted the ALJ's findings of fact and conclusions of law, and affirmed the decision on the statute of limitations ground. <u>Id.</u>

Meanwhile, on April 20, 2007, Mrs. Corley filed this action, in which she alleges that Eastern was required by law to provide

**ORDER GRANTING-IN-PART AND DENYING-IN-PART THE
CROSS MOTIONS FOR SUMMARY JUDGMENT**

oxygen and related equipment to her husband as part of a first responder kit, and that Eastern's failure to follow this regulation resulted in Mr. Corley's death. Her suit arises under West Virginia Code § 23-4-2(d)(2), the deliberate intent statute. Although Eastern is a "covered employer" under West Virginia's worker compensation laws, and therefore generally immune to suits seeking damages for workplace injuries or deaths, see W. Va. Code § 23-2-6, the deliberate intent statute creates an exception to this immunity.

Under the statute, "deliberate intent" can be proved in two ways. First, a plaintiff may prove that an employer acted with actual, specific intent to cause an injury or death. Id. at § 23-4-2(d)(1). Alternatively, in the absence of evidence of actual intent, a plaintiff may still prevail on a deliberate intent claim if she can prove a specific set of five factors set forth in the statute. Id. at § 23-4-2(d)(2)(ii). These factors include 1) proof that a specific unsafe working condition existed, 2) of which the employer was aware, 3) that violated a state or federal safety statute, 4) that, notwithstanding the employer's knowledge of the condition, the employer nevertheless exposed the employee to the condition, 5) which condition caused the employee to suffer a

serious injury or death. Id. Mrs. Corley's claim arises under this alternative.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issue of material fact exists, and the case may be decided as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact. Id. Once the movant has made such showing, the opposing party must present probative evidence establishing the prima facie elements of its claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing summary judgment motions, the Court must review the evidence in the light most favorable to the non-moving party. Zahodnick v. International Bus. Machs. Corp., 135 F.3d 911, 913 (4th Cir. 1997).

## III. ANALYSIS

The parties agree that the pending cross motions for summary judgment present two questions that can be decided as a matter of law. The first concerns whether the Court should apply the version of the deliberate intent statute in effect at the time of Mr. Corley's death, or the version in effect when Mrs. Corley filed this suit. The second question concerns the effect, if any, of the

5

prior decisions on Mrs. Corley's workers' compensation claim on this deliberate intent action.

**A.   Which Version of the Deliberate Intent Statute Applies**

In April 2005, at the time of Mr. Corley's death, West Virginia's deliberate intent statute required a plaintiff to prove, in part, that an employee exposed to an unsafe working condition "suffered serious injury or death as a direct and proximate result of such specific unsafe working condition." W. Va. Code § 23-4-2(d)(2)(ii)(E) (2003). As noted earlier, this was one of the five specific statutory factors a plaintiff seeking to prevail on a claim under § 23-4-2(d)(2)(ii) of the deliberate intent statute had to prove.

Shortly after Mr. Corley's death, however, the West Virginia Legislature amended § 23-4-2(d)(2)(ii)(E) as follows:

> That the employee exposed suffered compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii)(E) (2005). This amendment became effective on July 1, 2005. Id. at § 23-4-2(f).

Mrs. Corley filed her deliberate intent claim on April 20, 2007, well after the 2005 effective date of § 23-4-2(d)(2)(ii)(E).

6

Nevertheless, because her husband's death occurred before that date, Mrs. Corley argues that the version of the statute in effect at the time of his death should apply in this case.

Ordinarily, under West Virginia law governing deliberate intent claims, the version of the deliberate intent statute in effect on the date of the injury applies to the case. See Ryan v. Clonch Industries, 639 S.E.2d 756, 756 n. 2 (W. Va. 2006); Kane v. Corning Glass Works, 331 S.E.2d 807 (W. Va. 1984). Here, however, the amended deliberate intent statute states that "[t]he amendments to this section enacted during the two thousand and five session of the Legislature shall apply to all injuries occurring and <u>all actions filed</u> on or after the first day of July, two thousand five." W. Va. Code § 23-4-1(f) (2005) (emphasis added).

The West Virginia Supreme Court of Appeals has acknowledged that retroactive application of a workers' compensation statute is permissible whenever the legislature indicates a clear intent to do so. See Wampler Foods, Inc. v. Workers' Compensation Div., 602 S.E.2d 805, 823 (W. Va. 2004)(finding that a legislative amendment which is to "apply to all awards made on or after the effective date of the amendment" does not violate due process even when applied to cases in which the underlying injury was incurred before

the effective date). Indeed, as has been often repeated, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 1, State v. Jarvis, 487 S.E.2d 293 (W. Va. 1997).

The Southern District of West Virginia addressed the question presented here in Roney v. Gencorp, 431 F. Supp. 2d 622 (S.D.W. Va. 2006). There, an employee died of cancer after being exposed to certain chemicals at his job. Id. at 627. Although he died in 2003, the executor of his estate did not file a deliberate intent action until September 23, 2005. Id. at 626. In determining which version of the statute to apply, the district court acknowledged that "West Virginia courts have historically interpreted previous versions of the workers' compensation statute as intending for the statute in effect at the time of injury to control." Id. at 629. Nevertheless, it looked to the language of the 2005 amendment and concluded that "[t]he plain meaning of the language indicates the Legislature's intention to make the new provisions apply to both injuries occurring after July 1, 2005, and also to actions filed after July 1, 2005." Id. It therefore concluded that the 2005

8

version of the statute applied because the plaintiff filed the action after July 1, 2005. Id.

Here, the Court likewise concludes that, because this case was filed in April 2007, after the July 1, 2005 effective date of the 2005 amendments to the deliberate intent statute, the 2005 version applies. Accordingly, in order for Mrs. Corley to succeed on her deliberate intent claim, she must prove, as one of the five elements, that her husband suffered "compensable death as defined in section one, article four, chapter twenty-three . . . as a direct and proximate result of the specific unsafe working condition." W. Va. Code § 23-4-2(d)(2)(ii)(E) (2005).

**B.    The Effect of the Workers' Compensation Claim**

Eastern argues that because Mrs. Corley must prove that her husband's death was a "compensable death" under W. Va. Code § 23-4-1, the fact that her workers' compensation claim was denied establishes that she is unable to prove this element of her prima facie case. Pursuant to this reasoning, under the doctrines of res judicata and collateral estoppel, Eastern contends that her entire deliberate intent claim must fail as a matter of law.

Mrs. Corley, on the other hand, contends that the decision on her workers' compensation claim should not be given preclusive

9

effect because the parties to this action are different, and there was no decision on the merits in the underlying workers' compensation claim. Therefore she submits that a genuine issue of material fact exists as to whether Mr. Corley's death could be considered "compensable" under W. Va. Code § 23-4-1.

### 1. Doctrines of <u>Res Judicata</u> and Collateral Estoppel

The doctrine of <u>res judicata</u>, or claim preclusion, "generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or the issues that could have been decided in the earlier action." <u>State v. Miller</u>, 459 S.E.2d 114, 120 (W. Va. 1995). "A claim is barred by <u>res judicata</u> when the prior action involves identical claims and the same parties or their privies." <u>Id.</u> "In other words, as summarized by the United States Supreme Court: '[u]nder the doctrine of <u>res judicata</u>, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies <u>based on the same cause of action</u>.'" <u>Porter v. McPherson</u>, 479 S.E.2d 668, 676 (W.Va. 1996) (<u>quoting</u> <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 n. 5 (1979)) (emphasis added).

Res judicata thus may bar a claim when three elements have been satisfied:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, Blake v. Charleston Area Medical Center, Inc., 498 S.E.2d 41 (W. Va. 1997).

Alternatively, the doctrine of collateral estoppel, or issue preclusion, "applies to issues that were actually litigated in an earlier suit even though the causes of action are different." Mellon-Stuart Co. v. Hall, 359 S.E.2d 124, 132 (W. Va. 1987). "[C]ollateral estoppel requires identical issues raised in successive proceedings and requires a determination of the issues by a valid judgment to which such determination was essential to the judgment." Miller, 459 S.E.2d at 120. To bar re-litigation of an issue under the doctrine of collateral estoppel, four conditions must be met:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or

in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Id.

Here, the Court need not decide which of these doctrines would apply in this case because it finds that an essential element of both doctrines, that the prior decision to a "final adjudication on the merits," has not been met.

### 2. Application of those Doctrines to this Case

"Quasi-judicial" administrative decisions can be considered "final adjudications" for the purpose of res judicata and collateral estoppel. See Liller v. West Virginia Human Rights Comm., 376 S.E.2d 639, 646 (W. Va. 1988).

> For issue or claim preclusion to attach to quasi-judicial determinations of administrative agencies, at least where there is no statutory authority directing otherwise, the prior decision must be rendered pursuant to the agency's adjudicatory authority and the procedures employed by the agency must be substantially similar to those used in a court. In addition, the identicality of the issues litigated is a key component to the application of administrative res judicata or collateral estoppel.

Syl. Pt. 2, Vest v. Bd. of Educ. Of the County of Nicholas, 455 S.E.2d 781 (W. Va. 1995).

Eastern contends that a decision by the Office of Judges and the Board of Review is a quasi-judicial administrative decision

that should be considered a "final adjudication" for purposes of claim and/or issue preclusion. It points out that both the Office of Judges and the Board of Review are statutorily authorized to make compensability decisions regarding workers' compensation claims, and, indeed, they are specialized decision-makers in this area. See W. Va. Code §§ 23-5-9 and 23-5-12.

Eastern also relies on the fact that the litigation procedures available to a claimant in a workers' compensation determination are substantially similar to those used in a court of record. Claimants may be represented by counsel, and may request written discovery, take depositions and proffer expert witnesses. See W. Va. Code § 23-1-13. Finally, Eastern points out that the "preponderance of the evidence" standard of proof applied by the Office of Judges to workers' compensation claims is the same standard applied to a deliberate intent claim. See W. Va. Code § 23-4-1g.

The Court agrees that findings of the Office of Judges and the Board of Review constitute "quasi-judicial" decisions that can be given preclusive effect. In this case, however, the decision of Office of Judges, which the Board of Review affirmed, was that Corley's workers' compensation claim was barred by the statute of

limitations, and thus that the original Claim Administrator did not have jurisdiction to consider the claim. As a general rule, a decision that a claim is barred by the statute of limitations is considered a "final decision on the merits" for purposes of <u>res judicata</u>. <u>See</u> Syl. Pt. 1, <u>Gillespie v. Johnson</u>, 209 S.E.2d 143 (1974) (holding that dismissal of a case on statute of limitations grounds is a final judgment, and, barring appeal, has <u>res judicata</u> effect). Nevertheless, for the following reasons, this Court holds that, in the context of a claim brought pursuant to the deliberate intent statute, the underlying decision by the Office of Judges barring Mrs. Corley's workers' compensation claim under the statute of limitations is not an "adjudication on the merits."

First, the deliberate intent statute requires that Mrs. Corley prove that her husband suffered a "compensable death" "as defined under section one, article four, chapter twenty-three . . . ." W. Va. Code § 23-4-2(d)(2)(ii)(E). The term "compensable death," however, does not actually appear in W. Va. Code § 23-4-1; rather, that statute implicitly defines the term as follows:

> Subject to the provisions and limitations elsewhere in this chapter, workers' compensation benefits shall be paid [sic] the Workers' Compensation Fund, to the employees of employers subject to this chapter who have <u>received personal injuries in the course of and resulting from their covered employment</u> or to the dependents, if

14

> any, of the employees in case death has ensued, according to the provisions hereinafter made . . . .

W. Va. Code § 23-4-1(a) (emphasis added). Thus, the statute indicates that a "compensable death" would be a death that occurs "in the course of and resulting from" covered employment. Here, Eastern is an employer that pays into the Workers' Compensation Fund, and Mr. Corley was engaged in "covered employment." In order to prevail on this factor, therefore, Mrs. Corley must prove that her husband's death occurred "in the course of and resulting from" that employment.

Importantly, the six-month statute of limitations for bringing a workers' compensation claim is not set out in W. Va. Code § 23-4-1, but instead appears in § 23-4-15. Because the deliberate intent statute indicates that an employee must have a compensable injury or death "as defined under section one, article four, chapter twenty-three," the Court concludes that the term "compensable" as used in the deliberate intent statute refers to an injury or death occurring "in the course of and resulting from" covered employment, and is not intended to incorporate bars to such benefits, such as the statute of limitations, found elsewhere in the statute.

This conclusion is further supported by the remaining text of the deliberate intent statute. Although requiring that the death

15

be "compensable," the statute does not require that the individual filing a deliberate intent claim actually file a claim for workers' compensation benefits. It specifically states that a suit may be brought, "whether a claim for [workers' compensation] benefits under this chapter is filed or not . . . ." W. Va. Code § 23-4-2(d)(2)(ii)(E). Clearly, the statute contemplates that a plaintiff may forego a workers' compensation claim altogether and only file the deliberate intent suit.

In this case, Mrs. Corley did not forego filing a workers' compensation claim; rather, she filed a claim too late for it to be considered on its merits. Had the Office of Judges reviewed the claim in full and denied it on the basis that Mr. Corley's death was not compensable, this Court would readily agree that such a decision would preclude Mrs. Corley from re-litigating the issue here. The Office of Judges, however, never decided whether Mr. Corley's death was compensable. Rather, it denied the claim on the basis that Mrs. Corley filed it outside the applicable statute of limitations.[1]

---

[1] Although the Claim Administrator issued alternative grounds for denying Mrs. Corley's claim, that decision cannot be given preclusive effect because it cannot be considered a "quasi-judicial" or administrative decision. Claim administrators are employed by "self-insured employers," in this case Eastern, to

**CORLEY v. EASTERN ASSOCIATED COAL CORP.**  1:07CV114

**ORDER GRANTING-IN-PART AND DENYING-IN-PART THE
CROSS MOTIONS FOR SUMMARY JUDGMENT**

Neither party has cited to any West Virginia case in which a denial of a workers' compensation claim based on the statute of limitations has been given <u>res judicata</u> or collateral estoppel effect in a subsequent deliberate intent action.  Relying on the fact that the West Virginia Legislature amended the deliberate intent statute in a manner that does not require the prior filing of a workers' compensation claim, dismissal of Mrs. Corley's deliberate intent action because she filed her workers' compensation claim too late would contravene the legislative intent reflected in the language of the statute.

This Court therefore holds that, in the context of a deliberate intent action under the statute requiring the showing of a compensable injury or death, a decision by the workers' compensation Office of Judges that a workers' compensation claim is barred due to the statute of limitations is not a decision "on the merits" for the purposes of <u>res judicata</u> or collateral estoppel.  Consequently, the Court denies Eastern's motion for summary

---

review and investigate claims.  <u>See</u> W. Va. Code § 23-5-1.  A claimant denied benefits by a claim administrator can "protest" that decision to the Board of Judges, which is the administrative agency.  Thus, only a decision by the Board of Judges, or the Board of Review which reviews decisions by the Board of Judges, may be given preclusive effect.  <u>See</u> Syl. Pt. 2, <u>Vest</u>, 455 S.E.2d 781.

17

judgment and grants Corley's motion for summary judgment on this issue.

### IV. CONCLUSION

For these reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the parties' respective motions for summary judgment (dkt. nos. 43 and 46). Specifically, it **GRANTS** Eastern's motion with regard to the applicable version of the deliberate intent statute, but **DENIES** its motion for final summary judgment on the issue of whether Mr. Corley suffered a "compensable injury" because the prior decision on Mrs. Corley's workers' compensation claim does not preclude re-litigation of that issue in this Court. Conversely, the Court **DENIES** Mrs. Corley's motion regarding the applicable version of the deliberate intent statute, but **GRANTS** her motion with regard to the effect of the prior workers' compensation decision on her claim.

In light of this decision, the Court **SCHEDULES** a scheduling conference on **Thursday, April 9, 2009 at 3:30 p.m.** at the **Clarksburg, West Virginia** point of holding court. The parties may appear by telephone. If they do so, the Court directs counsel for the plaintiff to initiate the call to the Court at (304) 624-5850. Prior to that conference, by **Monday, April 6, 2009**, the parties should file a joint proposed schedule of dates for further

disposition of the case. The proposal should include a deadlines for the close of discovery, filing of expert disclosures, dispositive motions, and a trial date.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: March 18, 2009.

>   /s/ Irene M. Keeley
>   IRENE M. KEELEY
>   UNITED STATES DISTRICT JUDGE